UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL-ERIC W., <br><br>  Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>  Defendant. | Case No. C22-5832-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1997, has a 10th-grade education, and has performed temporary jobs as a janitor and operating games at a fair. AR 77-80. Plaintiff was last gainfully employed in 2019. AR 78.

In March 2019, Plaintiff applied for benefits, alleging disability as of May 1, 2005. AR 288-94. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 161-64, 169-72. After the ALJ conducted a hearing in July 2021 (AR 70-109), the ALJ issued a decision finding Plaintiff not disabled. AR 46-62.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**: Plaintiff has the following severe impairments: major depressive disorder, personality disorder, right distal humerus fracture, and traumatic brain injury.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform light work with additional limitations: he can frequently reach with the right arm. He can understand, remember, and carry out simple, routine tasks with acceptable persistence and pace (simple tasks are defined as those that can be learned in 30 days). He is limited to occasional interaction with the public and co-workers. He can tolerate training, taking instructions, and supervisory interaction with supervisors, but is otherwise limited to occasional contact with supervisors. He can adapt to changes in a routine work setting and follow employer-set goals.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 46-62.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing certain medical opinions, and that evidence submitted for the first time to the Appeals Council undermines the evidence relied upon at step five. The Commissioner argues the ALJ's decision is free of harmful legal error and supported by substantial evidence, even when considering the Appeals Council evidence, and should therefore be affirmed.

The Court first turns to consider Plaintiff's contention that the ALJ erred in assessing two medical opinions.

A.     **Legal Standards**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

B.     **Alysa Ruddell, Ph.D.**

Dr. Ruddell examined Plaintiff in February 2019 and completed a DSHS opinion identifying several disabling mental limitations. AR 515-19. The ALJ acknowledged Plaintiff "exhibited significant issues with memory to Dr. Ruddell" and complained of significant depression symptoms during her evaluation, but noted that Plaintiff's memory was normal during a different examination and that Plaintiff did not report such severe depression symptoms to his treating providers. AR 59. The ALJ found that although Plaintiff's depression remained uncontrolled even with medication and therapy, his symptoms nonetheless did not persist to a disabling degree. *Id*.

Plaintiff first argues that the ALJ erred in assessing Dr. Ruddell's opinion because the ALJ failed to address the supportability of the opinion, as required by the regulations. Dkt. 16 at 4-5. Plaintiff is mistaken: the ALJ acknowledged that Plaintiff's memory testing and complaints of severe depression symptoms supported Dr. Ruddell's conclusions. AR 59. In identifying the evidence that supports Dr. Ruddell's conclusions, the ALJ addressed the support for Dr. Ruddell's opinion even if she did not use the word "supportability." *See* 20 C.F.R. §

1   404.1520c(c)(1) (explaining that the "supportability" factor addresses the relevance of the
2   objective evidence presented in support of an opinion, as well as the "supporting explanations"
3   provided by the medical source).

4       The ALJ gave no indication that she found Dr. Ruddell's opinion unsupported, but did
5   explain why she found it to be inconsistent with other evidence in the record.  *See* AR 59.
6   Specifically, the ALJ found that the memory deficits identified by Dr. Ruddell were inconsistent
7   with Plaintiff's normal memory testing performed by examining psychologist Lezlie Pickett,
8   Ph.D., as well as with Plaintiff's report of some degree of improvement in his depression with
9   therapy and increased medication to his treating providers.  *Id*.

10       Plaintiff contends that the ALJ erred in finding Dr. Ruddell's opinion less persuasive
11   because it is inconsistent with Dr. Pickett's opinion, given that the ALJ also found Dr. Pickett's
12   opinion inconsistent with the record.  Dkt. 16 at 6.  The Court agrees with Plaintiff that the ALJ's
13   reasoning is convoluted as to her assessment Dr. Pickett's opinion and the relationship between
14   Dr. Pickett's opinion and Dr. Ruddell's opinion.  The ALJ did not indicate if she found
15   persuasive Dr. Pickett's conclusion regarding Plaintiff's memory deficits; the only assessment of
16   Dr. Pickett's opinion the ALJ provided was that she found it inconsistent with the record and
17   Plaintiff's allegations.  *See* AR 58.  If the ALJ did not credit Dr. Pickett's conclusion regarding
18   Plaintiff's memory, then it is unclear how Dr. Ruddell's contrary findings would undercut her
19   conclusions.  Although an ALJ's use of imprecise language is not necessarily dispositive, the
20   ALJ's failure to use the terms of art specified in the regulations prevents the Court from
21   understanding and following the ALJ's logic in this part of the decision.

22       The ALJ also stated that Dr. Ruddell's opinion was inconsistent with Plaintiff's reports to
23   his providers that his depression was 5-6/10 as well as his improvement with medication, even

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

though his symptoms never improved to the point of being controlled. AR 59. According to Plaintiff, the ALJ's own acknowledgment that his depression symptoms were uncontrolled by treatment undermines her finding that Dr. Ruddell's opinion was inconsistent with the record. Dkt. 16 at 11-12. The Court agrees. Plaintiff identified evidence showing that his suicidal ideation and other significant symptoms persisted for much of the adjudicated period (Dkt. 16 at 7-11), and the ALJ did not explain, either in her assessment of Dr. Ruddell's opinion (AR 59) or her assessment of Plaintiff's testimony (AR 56), why the evidence of uncontrolled depression symptoms was inconsistent with the limitations identified by Dr. Ruddell. Once again, the ALJ's reasoning is unclear, given that the ALJ herself repeatedly acknowledged that Plaintiff's symptoms were not controlled by treatment. *See* AR 56, 59.

Because it appears that the ALJ found Dr. Ruddell's opinion less persuasive on grounds she found it inconsistent with the record, and yet the ALJ's decision does not identify evidence inconsistent with Dr. Ruddell's conclusions, the ALJ erred in assessing Dr. Ruddell's opinion. On remand, the ALJ shall reconsider Dr. Ruddell's opinion in light of the updated record, accounting for the evidence in the record that is consistent with the opinion as well as the evidence that is inconsistent with the opinion. *See Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) ("Although it is within the power of the Secretary to make findings concerning the credibility of a witness and to weigh conflicting evidence, he cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result." (cleaned up)). If the ALJ finds that Plaintiff's symptoms improved during a portion of the adjudicated period, the ALJ may consider whether he was disabled for a qualifying portion of that time period. *See, e.g.*, *Smith v. Kijakazi*, 14 F.4th 1108 (9th Cir. 2021).

//

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6

### C. Thomas Frazer, M.D.

In February 2019, Dr. Frazer completed a DSHS form opinion describing Plaintiff's lifting, carrying, handling, pushing, pulling, reaching, communication, and reasoning limitations that result from his November 2018 injury, specifically as to Plaintiff's right arm, traumatic brain injury, and cognitive impairment. AR 520-24. Dr. Frazer opined that he expected Plaintiff's limitations to persist at the same severity for 24 months. AR 522. The ALJ cited findings (normal range of motion, normal gait, no complaints of "acute right arm pain") from the months after Dr. Frazer's examination, and found that because Dr. Frazer's opinion "contrasts sharply" with those findings, the opinion is unpersuasive. AR 59.

Citing evidence of persistent arm and cognitive dysfunction as late as April 2020 (*e.g.*, AR 2512-13), Plaintiff contends that the ALJ erred in relying on normal findings as to normal range of motion and gait as inconsistent with Dr. Frazer's conclusions. Dkt. 16 at 14-15. Given that Dr. Frazer did not list any gait problems, nor did he attribute any particular problems to a decreased range of motion, the Court agrees with Plaintiff that this evidence is not inconsistent with Dr. Frazer's opinion as to Plaintiff's deficits as to communicating, reasoning, and using his right arm. *See* AR 521. Furthermore, even if the treatment notes do not document "acute right arm pain" (as the ALJ found (AR 59)), the notes cited by the ALJ do document complaints of right arm dysfunction. *See, e.g.*, AR 616-17, 2190. Accordingly, the Court finds that the ALJ erred in finding Dr. Frazer's opinion inconsistent with the findings referenced.

Because the Court finds that this case must be remanded to permit the ALJ to reconsider the opinions of Drs. Ruddell and Frazer, which may require reformulating the RFC assessment in light of those opinion as well as any updated records, the Court need not address any alleged errors related to the ALJ's step-five findings at this time.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Dr. Ruddell's 2019 opinion and Dr. Frazer's opinion, and reconsider any other part of the decision as necessary in light of the updated record.

Dated this 19th day of July, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge